# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**NBC 7 SAN DIEGO**
9680 Granite Ridge Drive
San Diego, CA 92123,

**TOM JONES**
c/o NBC 7 SAN DIEGO
9680 Granite Ridge Drive
San Diego, CA 92123, and

**REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS**,
1156 15th Street NW, Suite 1020
Washington DC, 20005

    Plaintiffs,

  v.

**UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,**
245 Murray Lane SW
Washington, DC 20528,

**UNITED STATES CUSTOMS AND BORDER
PROTECTION**
1300 Pennsylvania Avenue NW
Washington, DC 20229,

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT**
500 12th Street SW
Washington, DC 20536, and

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES**
20 Massachusetts Avenue NW
Washington, DC 20259

    Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs NBC 7 San Diego ("NBC 7"), its reporter Tom Jones ("Jones"), and the Reporters Committee for Freedom of the Press (the "Reporters Committee" or "RCFP") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief by Plaintiffs against United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants").

2. Defendants have unlawfully withheld agency records that were requested by Plaintiffs pursuant to the FOIA in March 2019. Plaintiffs are statutorily entitled to the disclosure of these records, which Defendants are improperly withholding in violation of the Act and in disregard of the public's strong interest in obtaining records and information concerning the United States government's monitoring and/or tracking of journalists covering immigration and related issues at the U.S. border with Mexico.

## PARTIES

3. Plaintiff NBC 7 is an NBC owned-and-operated television station in San Diego, California located at 9680 Granite Ridge Drive, San Diego, CA 92123. NBC 7 broadcasts television to San Diego County viewers and delivers news internationally through its website, www.nbcsandiego.com.

4. Plaintiff Tom Jones is an Emmy award-winning journalist and an Executive Investigative Producer for NBC 7. He resides in San Diego County, California.

5. Plaintiff Reporters Committee is an unincorporated nonprofit association of

reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records. The Reporters Committee is located at 1156 15th Street NW, Suite 1020, Washington, DC 20005.

6. Defendant United States Department of Homeland Security ("DHS"), headquartered at 245 Murray Lane SW, Washington, DC 20528, is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of records that Plaintiffs seek.

7. Defendant United States Customs and Border Protection ("CBP"), headquartered at 1300 Pennsylvania Avenue NW, Washington, DC 20229, is a component of DHS that has possession, custody, and/or control of records that Plaintiffs seek.

8. Defendant United States Immigration and Customs Enforcement ("ICE"), headquartered at 500 12th Street SW, Washington, DC 20536, is a component of DHS that has possession, custody, and/or control of records that Plaintiffs seek.

9. Defendant United States Citizenship and Immigration Services ("USCIS"), headquartered at 20 Massachusetts Avenue NW, Washington, DC 20259, is a component of DHS that has possession, custody, and/or control of records that Plaintiffs seek.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Background

12.     On or about March 6, 2019, NBC 7 reported that the United States government identified and tracked journalists who have been covering issues relating to migrants from Central America at the U.S. border with Mexico and had, in some instances, placed alerts on those journalists' passports.  Tom Jones, et al., *Source: Leaked Documents Show the U.S. Government Tracking Journalists and Immigration Advocates Through a Secret Database,* NBC 7 San Diego (March 6, 2019), https://perma.cc/QKM5-RME2.  A true and correct copy of that news article is attached hereto as Exhibit 1.

13.     Specifically, NBC 7's reporting brought to light the existence of a United States government-created "secret database of activists, journalists, and social media influencers tied to the migrant caravan . . . " (hereinafter, the "Database").  *See* Ex. 1.  According to NBC 7's reporting, the United States government created dossiers on each individual included in the Database.  *Id*.  And, in some instances, the government had placed alerts on the passports of individuals included in the Database.  *Id*.

14.     According to NBC 7's reporting, at least ten journalists, seven of whom are United States citizens, are included in the Database.  Ex. 1.  One photojournalist included in the Database said "she was pulled into secondary inspections three times and asked questions about who she saw and photographed in Tijuana shelters."  *Id.*  Another photojournalist included in the Database "said she spent 13 hours detained by Mexican authorities when she tried to cross the border into Mexico City.  Eventually, she was denied entry into Mexico and sent back to the U.S."  *Id.*

15.     In response to NBC 7's reporting, a CBP spokesperson stated that the agency

"does not target journalists for inspection based on their occupation or their reporting[,]" and that CBP "has policies in place that prohibit discrimination against arriving travelers and has specific provisions regarding encounters with journalists[.]"  Julia Ainsley, *Congress, DHS investigating if U.S. border agents targeted journalists*, NBC News (March 7, 2019), https://perma.cc/R6QF-6HZS.

### Plaintiffs' FOIA Requests

### The NBC 7 Request

16. On or about March 12, 2019, Jones submitted a FOIA request to CBP on behalf of himself and NBC 7 (the "NBC 7 Request").  A true and correct copy of the NBC 7 Request is attached hereto as Exhibit 2 and is incorporated by reference.

17. The NBC 7 Request asked for the following records:

- Records that reference or mention the words "Operation Secure Line" from September 1, 2018, through present day. "Operation Secure Line" is the initiative formed to monitor the arrivals of migrant caravans along the southern United States/Mexico border. Directives should include but not be limited to, those issued for agents within San Diego Sector Customs and Border Protection, Immigration and Customs Enforcement, Homeland Security Investigations, Office of Field Operations and the U.S. Border Patrol Sector Intelligence Unit.

- All documents uploaded and contained within a SharePoint application titled "ILU-OASISS-OMEGA San Diego Sector, San Diego Sector Foreign Operations Branch, Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media." These documents include the following documents titled, "Migrant Caravan Support Network 2018" created December 25, 2018, a folder labeled "ICC Tasking Documents," a folder titled "Xavier Parks MOZEJEWSKI info," and 25 ".docx" files created on December 18, 2018 and saved within.[1]

- Emails, memos or directives discussing the creation and use of a SharePoint application titled "ILU-OASISS-OMEGA San Diego Sector, San Diego Sector Foreign Operations Branch, Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media" from September 1, 2018, and December 31,

---

[1] The NBC 7 Request included two hyperlinks for "general background," which are https://www.nbcsandiego.com/investigations/Source-Leaked-Documents-Show-the-US-Government-Tracking-Journalists-and-Advocates-Through-a-Secret-Database-506783231.html and https://www.nbcsandiego.com/multimedia/PHOTOS-Leaked-Documents-to-NBC-7-Investigates-506782041.html.

5

        2018. This is a list of targets that were identified for secondary screening purposes, as well as targets where alerts were placed on the individuals' passports.

- Emails shared between the "San Diego Caravan Working Group" related to the "ILU-OASISS-OMEGA" operation monitoring the San Diego caravan.

Ex. 2.

    18.    The NBC 7 Request included a request for a fee benefit as a representative of the news media, a fee waiver, and expedited processing, and set forth facts and argument in support thereof. Ex. 2.

    19.    By letter dated March 20, 2019, CBP acknowledged receipt of the NBC 7 Request and assigned it tracking number CBP-2019-037458. A true and correct copy of CBP's March 20, 2019 acknowledgment letter is attached hereto as Exhibit 3.

    20.    On or about March 20, 2019, CBP informed Jones via email that it was granting the request for a fee waiver for the NBC 7 Request. A true and correct copy of CBP's March 20, 2019 email to Jones granting the fee waiver is attached hereto as Exhibit 4.

    21.    Via a separate email on or about March 20, 2019, CBP informed Jones that it was granting expedited processing for the NBC 7 Request. A true and correct copy of CBP's March 20, 2019 email granting expedited processing is attached hereto as Exhibit 5.

    22.    As of the filing of this Complaint, it has been 41 days since the NBC 7 Request was submitted. Neither Jones nor NBC 7 has received any further communication or a determination from CBP regarding the NBC 7 Request.

### The RCFP Requests

    23.    On or about March 20, 2019, the Reporters Committee submitted a FOIA request to each of the following four agencies: CBP (the "RCFP CBP Request"), DHS (the "RCFP DHS Request"), ICE (the "RCFP ICE Request"), and USCIS (the "RCFP USCIS Request")

(collectively, the "RCFP Requests").

24. A true and correct copy of the March 20, 2019 RCFP CBP Request is attached hereto as Exhibit 6 and is incorporated by reference herein.

25. A true and correct copy of the March 20, 2019 RCFP DHS Request is attached hereto as Exhibit 7 and is incorporated by reference herein.

26. A true and correct copy of the March 20, 2019 RCFP ICE Request is attached hereto as Exhibit 8 and is incorporated by reference herein.

27. A true and correct copy of the March 20, 2019 RCFP USCIS Request is attached hereto as Exhibit 9 and is incorporated by reference herein.

28. The RCFP Requests sought the following records from each recipient agency:

- All emails, memoranda, or other forms of communication directing the establishment of the application(s)/database(s) described in the NBC 7 article and accompanying screenshots/documents;

- All memoranda, protocols, guidelines, or other written instructions setting forth which agency employees have access to the application(s)/database(s) described in the NBC 7 article and accompanying screenshots/documents;

- Any and all Privacy Impact Assessments conducted for the application(s)/database(s) described in the NBC 7 article and accompanying screenshots/documents;

- All System of Records Notices ("SORNs") for the application(s)/database(s) described in the NBC 7 article and accompanying screenshots/documents;

- All policies, practices, procedures, and/or protocols that prohibit discrimination against arriving travelers, as referenced in Mr. Meehan's statement;

- Any and all policies, practices, procedures, and/or protocols that have specific provisions regarding encounters with journalists, as referenced in Mr. Meehan's statement;

- All communications, memos, protocols, or guidelines discussing or referring to any interaction between DHS's Media Monitoring Services database and the application(s)/database(s) described in the NBC 7 article and accompanying

    screenshots/documents;

- All memoranda, protocols, guidelines, or other written instructions setting forth criteria or process(es) for creating a dossier on a member of the news media;

- All emails, memoranda, or other forms of written or electronic communication, from January 1, 2017 to present, that mention or reference "ILU-OASISS-OMEGA" and "media" or "reporter" or "journalist";

- All emails to, from, copying, or blind copying any email address ending in ".eop.gov", from January 1, 2017 to present, that contain "media" or "reporter" or "journalist" and any of the following terms or phrases:
    - "caravan"
    - "migrant caravan"
    - "southern border"
    - "Mexican border"
    - "migrants"
    - "refugees";

- All emails, memoranda, or other forms of written or electronic communication, from January 1, 2017, to present, that include "media" or "reporters" or "journalist" and any of the following terms:
    - "screening"
    - "scrutiny"
    - "searches"
    - "secondary"
    - "passport".

*See* Ex. 6–9.

    29.    Each of the RCFP Requests included a request for a fee benefit as a representative of the news media, and set forth facts and argument in support thereof.  Ex. 6–9.

    30.    By letter dated March 25, 2019, CBP acknowledged receipt of the RCFP CBP Request and assigned it tracking number CBP-OIT-2019-038005 (the "RCFP CBP Acknowledgement").  A true and correct copy of the RCFP CBP Acknowledgement is attached hereto as Exhibit 10.  The RCFP CBP Acknowledgement did not address the Reporters Committee's request for a fee benefit as a representative of the news media.

    31.    As of the filing of this Complaint, it has been 33 days since the RCFP CBP

Request was submitted. RCFP has not received any further communication or a determination from CBP regarding the RCFP CBP Request.

32. As of the filing of this Complaint, it has been 33 days since the RCFP DHS Request was submitted. RCFP has not received any communication or a determination from DHS regarding the RCFP DHS Request.

33. As of the filing of this Complaint, it has been 33 days since the RCFP ICE Request was submitted. RCFP has not received any communication or a determination from ICE regarding the RCFP ICE Request.

34. As of the filing of this Complaint, it has been 33 days since the RCFP USCIS Request was submitted. RCFP has not received any communication or a determination from USCIS regarding the RCFP USCIS Request.

## CAUSES OF ACTION

### Count I: Failure to Process NBC 7 Request on Expedited Basis
### (Defendant CBP)

35. Plaintiffs repeat and re-allege paragraphs 1–34.

36. CBP is an agency subject to FOIA.

37. By the NBC 7 Request, NBC 7 properly asked for records within the possession, custody and/or control of CBP.

38. The NBC 7 Request complied with all applicable regulations regarding the submission of FOIA requests.

39. CBP failed to process the NBC 7 Request as soon as practicable, as required by FOIA. 5 U.S.C. § 552(a)(6)(E)(iii).

40. CBP's failure to process the NBC 7 Request as soon as practicable violates its obligations under FOIA. 5 U.S.C. § 552(a)(6)(E)(iii).

9

41. NBC 7 has and/or is deemed to have exhausted applicable administrative remedies with respect to the NBC 7 Request. 5 U.S.C. § 552(a)(6)(C)(i).

### Count II: Violation of FOIA for Failure to Comply with Statutory Deadlines
### (All Defendants)

42. Plaintiffs repeat and re-allege paragraphs 1–34.

43. Defendants are agencies subject to FOIA.

44. By the NBC 7 Request and the RCFP Requests, Plaintiffs properly asked for records within the possession, custody and/or control of Defendants.

45. The NBC 7 Request and RCFP Requests complied with all applicable regulations regarding the submission of FOIA requests.

46. Defendants failed to make a determination with respect to the NBC 7 Request and the RCFP Requests within statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(E)(iii).

47. Defendants' failure to make a determination with respect to the NBC 7 Request and the RCFP Requests within FOIA's statutory deadlines violates Defendants' obligations under FOIA. 5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(E)(iii).

48. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the NBC 7 Request and RCFP Requests. 5 U.S.C. § 552(a)(6)(C)(i).

### Count III: Violation of FOIA for Wrongful Withholding of Agency Records
### (All Defendants)

49. Plaintiffs repeat and re-allege paragraphs 1–34.

50. Defendants are agencies subject to FOIA.

51. Through the NBC 7 Request and RCFP Requests, Plaintiffs properly asked for records within the possession, custody and/or control of Defendants.

52. The NBC 7 Request and RCFP Requests complied with all applicable regulations regarding the submission of FOIA requests.

53. Defendants have not released any records or portions thereof in response to the NBC 7 Request or RCFP Requests.

54. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the NBC 7 Request or RCFP Requests.

55. Defendants have not identified whether or how disclosure of each of the records or portions thereof sought by the NBC 7 Request or RCFP Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

56. Defendants have improperly withheld records responsive to the NBC 7 Request and RCFP Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

57. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the NBC 7 Request and RCFP Requests.  5 U.S.C. § 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1) order Defendants to immediately process the NBC 7 Request and RCFP Requests;

2) order Defendants to conduct searches to identify all records responsive to the NBC 7 Request and RCFP Requests;

3) issue a declaration that Plaintiffs are entitled to disclosure of the records sought by the NBC 7 Request and the RCFP Requests;

4) enjoin Defendants from withholding all records or portions thereof responsive to the NBC 7 Request and RCFP Requests that are not specifically exempt from disclosure under FOIA;

5) award Plaintiffs reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

6) grant all such other relief as the Court may deem just and proper.

Dated:  April 22, 2019

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
Adam A. Marshall
DC Bar No. 1029423
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org

*Counsel of Record for Plaintiffs*