IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NBC 7 SAN DIEGO,** *et al.*,

    Plaintiffs,

v.

**DEPARTMENT OF HOMELAND SECURITY,** *et al.*,

    Defendants.

Case No. 19-1146 (RBW)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Katie Townsend
Adam A. Marshall
Gunita Singh
THE REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org
Email: amarshall@rcfp.org
Email: gsingh@rcfp.org

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………….. ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT...................................................................................................................... 3

I.    USCIS, DHS, and CBP continue to unlawfully withhold responsive records........................ 3

    A.    USCIS continues to unlawfully withhold records responsive to item 10 of RCFP's request as nonresponsive. ................................................................................................... 5

    B.    DHS has improperly deemed records responsive to RCFP's request nonresponsive......... 7

    C.    CBP has failed to demonstrate that is has released all responsive, non-exempt email records, and continues to unlawfully argue records responsive to item 9 of RCFP's request are nonresponsive. ................................................................................................... 9

CONCLUSION................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667 (D.C. Cir. 2016) ................................................................................................................. 1, 5

*Kidder v. FBI*, 517 F. Supp. 2d 17 (D.D.C. 2007) ................................................................. 1, 4

*LaCedra v. Exec. Office for U.S. Attys.*, 317 F.3d 345 (D.C. Cir. 2003) ..................................... 10

*Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59 (D.D.C. 2003) ............................................ 1

*Military Audit Project v. Casey*, 656 F.2d 724 (D.C. Cir. 1981)……………………………….6

*Miller v. Casey*, 730 F.2d 773 (D.C. Cir. 1984) ..................................................................... 4, 5

*Nat'l Sec. Counselors v. CIA.*, 960 F. Supp. 2d 101 (D.D.C. 2013) ............................................ 1

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991) ................................................. 6

*Shapiro v. CIA*, 170 F. Supp. 3d 147 (D.D.C. 2016) ............................................................. 3, 4

*Shapiro v. DOJ*, 944 F.3d 940 (D.C. Cir. 2019) ..................................................................... 6, 8

*Yeager v. DEA*, 678 F.2d 315 (D.C. Cir. 1982) ......................................................................... 3

**Statutes**

5 U.S.C. § 552 ........................................................................................................... 1, 2, 3, 5

**Other Authorities**

Department of Justice, *The Importance of Good Communication with FOIA Requesters 2.0: Improving Both the Means and the Content of Requester Communications* (Aug. 15, 2014), *archived at* https://perma.cc/CXM3-BQKZ ............................................................ 10

S. Rep. No. 93-854 (1974) ............................................................................................................ 3

**Rules**

Fed. R. Civ. P. 56 ......................................................................................................................... 9

# INTRODUCTION

As set forth in their Memorandum of Law filed in support of their Cross-Motion for Partial Summary Judgment, NBC 7 San Diego ("NBC 7"), its investigative reporter Tom Jones, and the Reporters Committee for Freedom of the Press ("RCFP") (collectively, "Plaintiffs") properly requested specific records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), maintained by the U.S. Department of Homeland Security ("DHS") and its component agencies, U.S. Customs and Border Protection ("CBP") and U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants"). There is no dispute that Plaintiffs' FOIA requests "reasonably describe" the records they seek; indeed, RCFP's requests to Defendants asked for records containing precise keywords within a defined date range, so as to leave no ambiguity about the records sought.

Yet, rather than simply process and release the records described in RCFP's requests, Defendants insist that they have "discretion" to withhold those records as "non-responsive." In addition to being facially illogical, Defendants' position is flatly contrary to their obligations under the law. Defendants fail to cite a *single case* supporting that position (because none are to be found). And, indeed, case law from the D.C. Circuit and other district courts within this Circuit make perfectly clear that agencies may not re-write FOIA requests or withhold responsive, non-exempt records. *See, e.g.*, *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 183 (D.D.C. 2013). Just as an agency is not *required* to "to divine a requester's intent," *Kidder v. FBI*, 517 F. Supp. 2d 17, 24 (D.D.C. 2007) (Walton., J.) (citing *Landmark Legal Found. v. EPA*, 272 F.Supp.2d 59, 64 (D.D.C. 2003)), neither is it *permitted* to ignore a clear, specific, and unambiguous description of records set forth in a FOIA request.

1

Defendants' Combined Reply in Support of their Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment ("Defs.' Reply"), ECF No. 26, merely rehashes the same arguments proffered in their opening memorandum, adding a handful of largely duplicative and deficient declarations that do nothing to justify their refusal to release records that are plainly responsive to RCFP's requests. Even worse, CBP has submitted a new declaration in which it admits that its prior representations to Plaintiffs and to the Court were inaccurate, apparently because they were "based on a cursory review" of the records the agency located and not a "detailed, document-by-document analysis." Supp. Decl. of Patrick A. Howard ("Supp. Howard Decl."), ECF No. 26-3, ¶ 6. As a result, there are more records responsive to Plaintiffs' FOIA requests that do not merely concern the processing of those requests than CBP previously led both Plaintiffs and the Court to believe. *See id.* ¶¶ 6–7. That CBP submitted a declaration under penalty of perjury containing material misrepresentations is troubling, and raises serious questions as to the agency's handling of Plaintiffs' FOIA requests.

To be clear, Defendants' arguments appear to be predicated on nothing more than the agency's desire to avoid the supposed "burden" of processing additional responsive records. Indeed, DHS's Deputy Chief FOIA Officer, astonishingly, argues in a sworn declaration that it would be "unfair" for the Court to order the agency to process records responsive to RCFP's requests. Second Holzer Decl., ECF No. 26-4, at ¶ 9. Congress has mandated that agencies produce all non-exempt agency records upon request, and it has authorized courts to enforce FOIA's command when agencies refuse to do so. 5 U.S.C. § 552(a)(3)(A) (mandating that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available").

Because Defendants refuse to abide by FOIA's requirements, Plaintiffs respectfully request

that the Court (1) deny DHS's motion for summary judgment with respect to RCFP's FOIA request; (2) deny CBP's and USCIS's motion for partial summary judgment; (3) grant Plaintiffs' cross-motion for partial summary judgment with respect to Defendants' determinations of nonresponsiveness; and (4) order Defendants to process all responsive records for release to Plaintiffs.[1]

## ARGUMENT

### I. CBP, USCIS, and DHS continue to unlawfully withhold responsive records.

In determining whether a FOIA request "reasonably describe[s]" records, "[t]he linchpin inquiry is whether the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (quoting S. Rep. No. 93-854, at 10 (1974)) (internal quotations and modifications omitted). Here, the portions of RCFP's requests at issue easily satisfy this standard; they ask for records within certain time periods that contain certain keywords. Pls.' SMF, ECF No. 24-2, ¶ 35. Indeed, RCFP's requests could not be more "precise": a record is responsive if it contains the specified keywords and was generated within the specified time frame. *Cf. Shapiro v. CIA*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016); 5 U.S.C. § 552(a)(3)(A).

Defendants' insistence that RCFP is attempting to "dictate the search terms" they are required to use to search for relevant records is a blatant mischaracterization of the requests and of Plaintiffs' arguments. Defs.' Reply at 7; *see also* Defs.' Reply at 4 (arguing that requesters cannot "dictate search parameters to agencies"). As RCFP's requests clearly illustrate, and as explained at length in Plaintiffs' opening memorandum, RCFP is not "dictating the search terms"; RCFP is *describing* the records it seeks, which is precisely what FOIA requires. Indeed, had Defendants

---

[1] In light of CBP's clarification that its cross-motion for partial summary judgment only addresses emails, it is no longer necessary for Plaintiffs to challenge the adequacy of the agency's search for non-email records.

3

decided not to use "search terms" at all, and instead sought to locate the records described in RCFP's requests by manually reviewing all records from the specified time periods, it could have done so; it would not alter the universe of documents responsive to RCFP's requests. And, practically speaking, that RCFP's requests so specifically describe the records it seeks that it has (or should have) eliminated the need for Defendants to expend time and effort developing search terms and engaging in "responsiveness" reviews is something that should be *welcomed* by Defendants. Pls.' Mem. at 14–23.

Defendants' attempt to distinguish *Shapiro v. CIA*, 170 F. Supp. 3d 147 is unavailing. As explained in Plaintiffs' opening memorandum, the district court in *Shapiro* explained that where a FOIA request sought "all records" "mentioning" specific terms, "there could be no dispute about which items were being requested"; responsive records were simply those that "contain" those specific terms, a determination that "involve[s] virtually no guesswork" on the part of the agency. *Id*. at 154. Defendants' unremarkable observation that *Shapiro* is not binding on this Court, Defs.' Reply at 4, does not detract from its persuasive reasoning, which is drawn from both established law and common sense. Indeed, this Court came to a similar conclusion in *Kidder* when it stated that a FOIA request seeking records referencing "Ahmed Abu Ali," was "quite clear," and holding that the agency was not required to search for records that mentioned other terms *not* mentioned in the request. 517 F. Supp. 2d at 23–24 (Walton, J.) ("[B]ased on plaintiff's clear request, the FBI is under no obligation to search its records for information regarding any names other than "Ahmed Abu Ali."). These decisions align with longstanding D.C. Circuit precedent that make clear agencies cannot re-write FOIA requests. *See, e.g.*, *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984) ("[Plaintiff's] request was not broadly drawn; it made a *specific* inquiry about *specific*

4

actions. The agency was bound to read it *as drafted*, not as . . . agency officials . . . might wish it was drafted.") (emphasis added).

Defendants fail to offer *any* caselaw for the proposition that agencies can ignore the plain description of records set forth in a FOIA request, and instead impose an arbitrary and subjective interpretation based on what they "think" a requester "really" wants. Defendants' insistence that they "have the discretion to determine" that records expressly sought by RCFP's requests are "nonresponsive," Defs.' Reply at 2, is nothing more than bureaucratic fiat and should be rejected.[2] Just as FOIA requires a requester to "reasonably describe" the records they seek, so too does it require the agency to produce all non-exempt portions of those records. 5 U.S.C. § 552(a)(3)(A); *Miller*, 730 F.2d at 777; *Am. Immigration Lawyers Ass'n*, 830 F.3d at 677.

A. <u>USCIS continues to unlawfully withhold records responsive to item 10 of RCFP's request as nonresponsive.</u>

USCIS claims that it has "met its burden under FOIA" to produce all responsive, non-exempt records in response to item 10 of RCFP's request. Defs.' Reply at 9. Not so. While the agency has, belatedly, introduced *some* evidence, *see* Declaration of Jill Eggleston ("Eggleston Decl."), ECF No. 26-2, that declaration justifies neither USCIS's insistence that it can impose arbitrary "responsiveness" criteria on top of the plain text of RCFP's request, nor its refusal to release *any* records in response to item 10. The record is clear that USCIS has more than 1,000

---

[2] If accepted, the agency's argument would have a drastic impact on the ability of requesters to obtain agency records they want to access, and on their ability to have confidence that agencies are, in fact, providing access to the records they have requested. For example, in response to a request for all emails sent or received by a department secretary between the dates of January 20, 2009 and January 31, 2009, an agency is not permitted to speculate that that the requester "really" only wanted one day of the secretary's emails, or emails from that eleven-day time period that concerned only one subject. Moreover, because the agency would be couching this arbitrary decision-making in terms of "responsiveness," the requester may never even know that the agency failed to process ten of the eleven days' worth of emails requested.

pages of records that meet the precise description set forth in item 10 or RCFP's request—records USCIS is unlawfully withholding. Pls.' SMF ¶¶ 39–42.

As an initial matter, USCIS's declaration is wholly inadequate to support its motion for partial summary judgment. Declarations submitted in FOIA cases must be "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and must describe "the documents and the justifications for nondisclosure with reasonably specific detail." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). When there is a dispute as to the responsiveness of a record, and "where a record's presence . . . arose from some sort of 'hit' in [an agency's] indexing system[,] . . . the [agency] can obtain summary judgment . . . *only* by offering some non-conclusory justification for *each* ultimate classification as non-responsive." *Shapiro v. DOJ,* 944 F.3d 940, 943 (D.C. Cir. 2019) (internal citations omitted) (emphasis added). The Eggleston Declaration fails on all accounts.

While acknowledging that the records located during the scope of the agency's search match the *precise* description of the records sought by RCFP, Eggleston Decl. at 8; Pls.' SMF ¶ 40, USCIS insists that "the documents located have nothing to do with the types of records the FOIA request is seeking," Eggleston Decl. ¶ 18; this is an untenable position. Item 10 of RCFP's request seeks "[a]ll emails to, from, copying, or blind copying any email address ending in '.eop.gov', from January 1, 2017 to present, that contain 'media' or 'reporter' or 'journalist' and any of the following terms or phrases: 'caravan,' 'migrant caravan,' 'southern border,' 'Mexican border,' 'migrants,' [or] 'refugees.'" Pls.' SMF ¶ 35. It precisely describes the records sought as those that contain certain words from a certain date range. *Id*. In other words, there is no "discretion" to be exercised on the part of USCIS in determining what constitutes a record responsive to such a request.

The lack of any plausible explanation in the Eggleston Declaration for USCIS's claims of nonresponsiveness is especially striking in light of the procedural history of this case. USCIS first failed to support its motion for partial summary judgment with any declaration at all. Now, it proffers one that does not even attempt to respond to Plaintiffs' argument that based on USCIS's *own* descriptions of the records it located in response to RCFP's request, not only did those records match the exact description of the records sought—but, additionally—those records "respon[d] to the substance of the request." Pls.' Mem. at 19.

Finally, the Eggleston Declaration devotes several paragraphs to lamenting administrative burdens faced by the agency. *See* Eggleston Decl. ¶¶ 6, 8, 21–23, 26. Not only is such an argument irrelevant to the legal issues here, but it ignores the fact that agencies should welcome laser-focused specificity in FOIA requests because searching for records described both by date and as containing certain keywords *reduces* administrative burden. Pls.' Mem. at 17. Indeed, a FOIA request that provides the exact criteria for responsiveness requires that an agency only conduct a search and then review the responsive records for exempt information, conserving agency and, ultimately, judicial and party resources. *Id*. at 17–18.

Because USCIS continues to flout its obligations under FOIA by arbitrarily deeming records that match the description set forth in RCFP's request nonresponsive, the Court should deny USCIS's motion and grant summary judgment for Plaintiffs on this issue.

B. <u>DHS has improperly deemed records responsive to RCFP's request nonresponsive.</u>

As a preliminary matter, DHS continues to mischaracterize the events preceding its search for records responsive to items 9–12 of Plaintiff RCFP's request. In the Second Declaration of James V.M.L. Holzer ("Sec. Holzer Decl."), Mr. Holzer once again states that "DHS worked with Plaintiffs [sic] on the scope and terms used for the search." Sec. Holzer Decl., ECF No. 26-4, ¶ 4.

That is incorrect. No "search terms were discussed among the parties" because "the parties' agreement was that DHS would process items 9–12 of RCFP's request to DHS. *See* Joint Status Report, ECF No. 13, ¶ 7; Pls.' SMF ¶ 22.

DHS also continues to claim that FOIA allows it "discretion" to review the "nature and content" of the records located in this case to determine that "none of the documents the FOIA analyst reviewed were responsive" to RCFP's request. Sec. Holzer Decl. ¶ 7. But DHS makes no effort, whatsoever, to comply with the requirements set forth by the D.C. Circuit in *Shapiro v. DOJ*, 944 F.3d 940, when there is a dispute as to the responsiveness of records that appear as a hit on an agency's search system, the agency "can obtain summary judgment . . . *only* by offering some non-conclusory justification for *each* ultimate classification as non-responsive." *Id*. at 943 (internal citations omitted) (emphasis added). For that reason alone, DHS's motion must be denied. Moreover, given that the agency located records that *exactly* match the description of records sought by items 9–12 of RCFP's request, Pls.' SMF ¶¶ 43–46, 48; Seventh JSR, ECF No. 21, ¶ 13, Plaintiffs' motion should be granted.

Like the other Defendants, DHS continues to claim that responding to FOIA requests is burdensome. *See* Sec. Holzer Decl. ¶ 9. Astonishingly, Mr. Holzer, the Deputy Chief FOIA Officer for DHS, argues it would be "unfair" for "the Court to order DHS to re-review and process records." *Id.* It is not "unfair" for the Court to order an agency to comply with FOIA. The Act is not a mere suggestion. Congress specifically authorized courts to enforce FOIA when agencies fail to abide by its mandates. Plaintiffs respectfully submit that what is "unfair" is that they have been denied records they are statutorily entitled to, forcing them and the Court to waste time and resources briefing what should be a non-issue. The Court should deny summary judgment for DHS and grant it in favor of Plaintiffs.

C. <u>CBP has failed to demonstrate that is has released all responsive, non-exempt email records, and continues to unlawfully argue records responsive to item 9 of RCFP's request are nonresponsive.</u>

CBP's justification for its claim that it has "release[d] all responsive, segregable, non-exempt email records"[3] is that none of the remaining "email records reviewed by CBP contained <u>all</u> of the terms identified in item 9 of RCFP's FOIA request." Defs.' Mem. at 8; Supp. Howard Decl. ¶ 8 (emphasis added). However, item 9 of RCFP's request clearly seeks certain records "from January 1, 2017 to present, that mention or reference "ILU-OASISS-OMEGA" and "media" <u>or</u> "reporter" <u>or</u> "journalist." Pls.' SMF ¶ 35 (emphasis added). RCFP did not request records containing all of those keywords. *See id.* Therefore, CBP's assertion that the records returned by CBP's searches "did not contain all of the search terms identified in item 9 of RCFP's request," Defs.' Reply at note 9, is neither here nor there. CBP is required to search for records responsive to RCFP's request as it is written, not as the agency wishes to re-write it.

Additionally, the Supplemental Howard Declaration admits that he submitted his prior sworn declaration to this Court after performing only "a cursory review" of the records at issue—not "a detailed, document-by-document analysis[.]" Supp. Howard Decl. ¶ 6. That "cursory review" apparently resulted in misrepresentations both to Plaintiffs and to the Court, and is evidence of bad faith on the part of CBP as well as a failure on Mr. Howard's part to have the requisite personal knowledge to submit a declaration under penalty of perjury. *See* Fed. R. Civ. P. 56(c)(4). Moreover, the Supplemental Howard Declaration is also deficient, and cannot justify partial summary judgment for CBP, because it is completely silent as to NBC 7's request.

CBP also argues that Plaintiffs' decision to limit the scope of item 9 of RCFP's request and

---

[3] This excludes email records that relate directly to the processing of Plaintiffs' requests and this instant litigation, which Plaintiffs voluntarily decided to exclude from the scope of their requests. Declaration of Adam A. Marshall ("Marshall Decl."), ECF No. 24-3, Ex. 16.

9

items 3 and 4 of NBC 7's request to exclude records that were generated solely as a result of CBP's processing of their requests or this litigation, *see* Marshall Decl., Ex. 16, "highlights the weakness of [Plaintiffs'] legal position." Defs.' Reply at note 7. Defendants claim that "Plaintiff cannot, on the one hand, argue that hit results are per se responsive and, on the other, choose to exclude certain hits from the scope of their response because the content of those records appear sufficiently attenuated to the substance of their requests." To the contrary, FOIA requesters routinely elect to exclude certain responsive records from the scope of their requests to speed up agency processing—a practical choice on the part of requesters, which does not call into question the responsiveness of the records being excluded. As the D.C. Circuit has noted, a "drafter of a FOIA request might reasonably seek all of a certain set of documents while nonetheless evincing a heightened interest in a specific subset thereof." *LaCedra v. Exec. Office for U.S. Attys*, 317 F.3d 345, 348 (D.C. Cir. 2003). Indeed, as the Department of Justice's own FOIA guidance explains, "when a requester is better informed, he or she might decide to narrow the request," and "such a narrowing is a benefit to both agencies and requesters." Department of Justice, *The Importance of Good Communication with FOIA Requesters 2.0: Improving Both the Means and the Content of Requester Communications* (Aug. 15, 2014), *archived at* https://perma.cc/CXM3-BQKZ. That FOIA requesters, like Plaintiffs here, have the power to limit the scope of their requests has no bearing, whatsoever, on an agency's obligations to process and release responsive, non-exempt records sought by the requester.

Because CBP has mischaracterized RCFP's request and has failed to demonstrate that it has released all non-exempt email records responsive to Plaintiffs' requests, the Court should deny CBP summary judgment and grant summary judgment for Plaintiffs.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny DHS's motion for summary judgment with respect to RCFP's FOIA request; deny CBP's and USCIS's motion for partial summary judgment; grant Plaintiffs' cross-motion for partial summary judgment with respect to all Defendants' determinations of non-responsiveness; and order Defendants to produce all responsive, non-exempt records to Plaintiffs.

Date: June 29, 2020

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
DC Bar No. 1026155
Adam A. Marshall
DC Bar No. 1029423
Gunita Singh
DC Bar No. 1601923
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org
Email: amarshall@rcfp.org
Email: gsingh@rcfp.org

*Counsel for Plaintiffs*