UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NBC 7 SAN DIEGO, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 19-1146 (RBW) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) |
| Defendants. | ) |

**THIRTY-THIRD JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of March 3, 2023, the Parties hereby submit this status report advising the Court of the status of this Freedom of Information Act ("FOIA") case. The Parties state as follows:

1. This case concerns five FOIA requests submitted by Plaintiffs NBC 7 San Diego, Tom Jones, and the Reporters Committee for Freedom of the Press ("RCFP") (collectively, "Plaintiffs"), seeking records from the U.S. Department of Homeland Security ("DHS") and its component-agencies, Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), and U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants" and, together with Plaintiffs, "Parties"). *See* Compl., ECF No. 1, at ¶¶ 16–17, 23–28. RCFP's FOIA requests each consist of 12 subparts. *See, e.g.*, ECF No. 1-9 at 5–6.

2. On December 20, 2022, the Court issued its decision on the Parties' partial summary judgment briefing. ECF Nos. 58 & 59. The Order issued in connection with the Court's decision is found at ECF No. 59 and is described in the Parties' 30th and 32nd status reports, ECF Nos. 60, 62.

3. On January 9, 2023, Defendants reported that:

   a. CBP intended to renew its motion for summary judgment as to its search for Items 3 and 4 of NBC 7's request;

   b. DHS did not intend to renew its motion for summary judgment as to its search for Item 11 of RCFP's request;

   c. USCIS expected to have a proposal for the processing of Item 10 of RCFP's request within 30 days;

   d. DHS was working on developing a proposal for its response to Items 9-12 of RCFP's request; and

   e. Consistent with the Court's Memorandum Opinion (ECF No. 58 at 18), CBP confirmed that its responsiveness determinations with regard to Item 9 of the RCFP request were based on the combination of search terms sought by RCFP, and it did not require a record to contain all four search terms in Item 9 in order to deem a record responsive.

4. On January 18, 2023, the Court issued a Minute Order ordering that, on or before February 17, 2023, the Parties shall file an additional joint status report advising the Court on their progress in this case and, if necessary, proposing a briefing schedule for defendant United States Customs and Border Protection's renewed motion for partial summary judgment as to Items 3 and 4 of NBC 7's request.

5. Today the Defendants provide the following updates.

**CBP**

6. As stated in the Parties' prior status report, the Parties met and conferred regarding CBP's intention to renew its motion for summary judgment with respect to Items 3 and 4 of NBC 7's request and agreed that CBP would provide Plaintiffs with a declaration regarding their

response to these items on or before March 24, 2023. Due to an oversight, CBP's transmission of the declaration was delayed, and it was provided on March 30, 3023. Plaintiffs are currently reviewing the declaration and will meet and confer with Defendants in advance of the next status report to determine whether additional briefing will be necessary with respect to these items.

7. As discussed on prior status reports, Plaintiffs and CBP have also been negotiating CBP's response to Item 12 of RCFP's request. Item 12 seeks:

> *All emails, memoranda, or other forms of written or electronic communication, from January 1, 2017, to present, that include "media" or "reporters" or "journalist" and any of the following terms:*
> a. *"screening"*
> b. *"scrutiny"*
> c. *"searches"*
> d. *"secondary"*
> e. *"passport"*

8. CBP and RCFP previously agreed to a proposal under which CBP would produce at least 900 responsive pages (including at least 300 pages from 2017, 2018, and 2019) identified using the keywords from Item 12 and the maximum proximity operator allowed by the agency's search tools, with CBP making monthly productions of approximately 300 pages until complete.

9. On February 28, 2023, CBP advised Plaintiff RCFP that it had processed 378 pages of records for the Item 12 sample: 188 pages were released with redactions for information that CBP determined to be exempt under FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E); 40 pages of records were determined by CBP to be subject to withholding in full under FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E); and 150 pages were determined to be non-responsive to the request.

10. On March 1, 2023, CBP, through counsel, advised Plaintiff RCFP that although the sample was selected from the universe of records returned by the agreed-upon keyword search,

3

CBP determined that not all of the records were responsive due to the manner in which the agency processes email families.

    a. CBP's additional statement: If an email is responsive (in this case, contains the relevant keywords), CBP treats the entire family (email and attachments) as responsive. However, if only an attachment is responsive, CBP does not treat the corresponding email or any other attachments as responsive unless they otherwise fall within the scope of the FOIA request. In this context, a responsiveness determination requires a document-by-document review of the records to determine whether it contains the search terms. Although non-responsive records were not produced, the number of responsive compared to non-responsive documents in the sample may provide insight regarding the relative volume of responsive records returned by the search terms.

    b. Plaintiffs' additional statement: Plaintiffs will continue to meet and confer with Defendant CBP regarding the manner in which the agency processes emails and attachments and the continued processing it Item 12 of RCFP's request.

11. On March 31, 2023, CBP advised Plaintiff RCFP that it had processed an additional 316 pages of records for the Item 12 sample: 74 pages were released with redactions for information that CBP determined to be exempt under FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E); 119 pages of records were determined by CBP to be subject to withholding in full under FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E); 93 pages were determined to be non-responsive to the request; 17 pages were determined to be duplicates of already processed records; and 13 pages were determined to contain information originating from another government agency and were referred to that agency.

12. On January 17, 2023, CBP provided RCFP with an update on the status of outstanding consults to other government agencies. CBP will continue to process records that are the subject of consults to other agencies as responses are received from the other agencies.

**USCIS**

13. Consistent with the Court's Memorandum Opinion (ECF No. 58) USCIS has begun to review and process the records in response to Item 10 of RCFP's request and issued a production on February 10, 2023.

14. Plaintiffs' counsel has requested additional information from Defendants' counsel regarding the USCIS records and the Parties intend to continue to meet and confer as to these records.

**DHS**

15. Consistent with the Court's order on the Parties' cross-motions for summary judgment, DHS reviewed the data that was retrieved from its searches in order to begin processing records. DHS also provided a narrowing proposal as to Items 10 and 12 of RCFP's request, as follows below, which Plaintiff RCFP has agreed to.

    a. Regarding Item 9, DHS has located 38 potentially responsive pages for review.

    b. Regarding Item 10, as previously reported, DHS recommended the following keyword search terms: (("media" or "reporter" or "journalist") within 20 words of ("caravan" or "migrant caravan" or "southern border" or "Mexican border" or "migrants" or "refugees")) and also excluding ("coverage" or "appearance" or "comment" or "media reaction" or

"media inquiry"). This search yielded 706 pages for review. Plaintiff RCFP has agreed to these search terms.

      c.    Regarding Item 11, DHS did not locate any items in the data for its custodians that mentioned the referenced application/database. Plaintiff RCFP has requested a search summary for this item.

      d.    Regarding Item 12, DHS reviewed the pool of data that was retrieved and recommended the following keyword search terms: ("media" or "reporter" or "journalist") within 20 words of ("screening" or "scrutiny" or "searches" or "secondary" or "passport") and also excluding ("coverage" or "appearance" or "comment" or "media reaction" or "media inquiry"). This search yielded 848 pages for review. Plaintiff RCFP has agreed to these search terms.

16. The Parties have agreed that DHS will process records located in response to Items 9, 10, and 12 at a rate of no fewer than 400 pages per month.

\* \* \*

17. In light of the above, the Parties respectfully propose that they file another status report by May 18, 2023, further advising the Court on the Parties' progress.

\* \* \*

Dated: April 3, 2023          Respectfully Submitted,

                                      /s/ Katie Townsend
                                    Katie Townsend
                                    DC Bar No. 1026115
                                    Email: ktownsend@rcfp.org

                                    Adam A. Marshall
                                    DC Bar No. 1029423
                                    Email: amarshall@rcfp.org

                                    Gunita Singh

>DC Bar No. 1601923
>Email: gsingh@rcfp.org
>
>REPORTERS COMMITTEE FOR
>FREEDOM OF THE PRESS
>1156 15th Street NW, Suite 1020
>Washington, DC 20005
>Phone: 202.795.9300
>Facsimile: 202.795.9310
>
>*Counsel for Plaintiffs*
>
>MATTHEW M. GRAVES, D.C. Bar. #481052
>United States Attorney
>
>BRIAN P. HUDAK
>Chief, Civil Division

By:     \_\_/s/ *Sian Jones*_____
>SIAN JONES, D.C. BAR No. 1024062
>Assistant United States Attorney
>U.S. Attorney's Office
>601 D Street, N.W. - Civil Division
>Washington, D.C. 20530
>(202) 252-2578
>Sian.Jones@usdoj.gov
>
>*Counsel for Defendants*

7